Murray, J.
This is an action by a depositor of defendant to recover the amount of a check which was certified and paid after the plaintiff had signed a stop-order payment.
The plaintiff went to defendant’s bank and asked that the payment be stopped on the check, and on January 30, 1936, signed the stop-order payment after it had been read to him by the defendant’s agent. The.check was dated February 1,1936, and was offered for certification by the holder on February 1, 1936 at nine o ’clock in the morning.
The teller at once called the certifying teller, to learn about the status of the account, who then referred the matter to the bookkeeper in charge of stop-payment orders. This bookeeper went to the cabinet where was kept the ledger card of this account, together with the stop-order payment but the cabinet could not be opened because the lock was jammed.
The certifying teller then looked at the statement sheet, and found there that there were sufficient funds to meet the check and relayed this information back, whereupon the check was certified. The account of the plaintiff was charged off $100, and this amount was deducted from plaintiff ’s account, and placed in a special certification account to cover the check. There were other copies of the stop-payment order issued to several tellers in the bank.
The stop-order signed by plaintiff contains a provision that plaintiff “agrees not to hold you liable on account of payment thereof contrary to this request, if payment occur through inadvertence or accident.”
*249 The trial judge found for defendant and further found as a fact “that no fraudulent inducement was made to the plaintiff to obtain his signature to the agreement of January 3, 1936,” and allowed No. 5 of plaintiff’s requests that check was paid through the carelessness and negligence of defendant’s servants, and further ruled that by the contract of January 30,1936, the defendant is exonerated from liability to the plaintiff.
The language contained in the agreement of January 30, 1936, is definite and clear.
It appears that the check was certified through the carelessness and negligence of defendant’s agents and servants.
“The word inadvertence in the printed agreement embraces the effect of inattention, the result of carelessness, oversight, mistake, or fault of negligence and the condition or character of being inadvertent, inattentive, or heedless. The word accident is used in the sense of a happening of an event without the concurrence of the will of the person by whose agency it was caused. It is manifest the quoted words were intended to exonerate the bank from the kind of negligence shown by the record, and we are unable to see anything illegal or anything opposed to public policy in a stipulation or agreement which relieves a bank so circumstanced from the results of the mere inattention, carelessness, oversightedness or mistakes of its employees.” Tremont Trust Company v. Burack, 235 Mass. 398.
We discover no error in the rulings, or refusals to rule of the trial judge and the order is:—
Report dismissed.